Jacklyn **FEIST**, et al., Plaintiffs,

v.

**PETCO ANIMAL SUPPLIES, INC.**, et al., Defendants.

Case No.: 3:16-cv-01369-H-DHB

United States District Court, S.D. California.

Signed November 22, 2016

Mark S. Greenstone, Glancy Prongay & Murray LLP, Los Angeles, CA, for Plaintiffs.

Frederick William Kosmo, Jr., Marissa L. Lyftogt, Wilson Turner Kosmo LLP, San Diego, CA, for Defendants.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

MARILYN L. HUFF, District Judge

Plaintiffs Jacklyn Feist and Angelica Zimmer filed this putative class action on May 5, 2016 in the Superior Court of the State of California, County of San Diego. (Doc. No. 1-2.) Defendant Petco Animal Supplies, Inc. removed the action to this Court on June 6, 2016. (Doc. No. 1.) Defendant filed a motion to dismiss on June 13, 2016, and Plaintiffs filed a first amended complaint ("FAC") on July 1, 2016. (Doc. Nos. 4, 6.) On July 15, 2016, Defendant filed a motion to dismiss the FAC. (Doc. No. 7.) Plaintiffs filed an opposition on August 29, 2016. (Doc. No. 11.) Defendant filed a reply on November 14, 2016. (Doc. No. 14.) Also on November 14, 2016, pursuant to its discretion under Local Rule 7.1(d)(1), the Court vacated the hearing and submitted the motion on the parties' papers. (Doc. No. 15.)

For the reasons that follow, the Court denies Defendant's motion to dismiss.

### Background

Plaintiffs each completed an application for employment with Defendant. (Doc. No. 6 at 8-9, ¶¶ 30, 34.) The application consisted of a series of forms, and one of those forms contained a background check consent form ("Consent Form"). (Id. at 9, ¶ 37.) The Consent Form contained a disclosure stating that a background check would be conducted as part of the employment application process. Such a disclosure is required by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2)(A). The Consent Form contained 35 paragraphs providing the disclosure and related information, such as: an authorization allowing other entities to disclose information about the applicant, a summary of consumer rights in seven different states, a summary of consumer rights under the FCRA, and a list of entities that enforce the FCRA. (Doc. No. 4-3.) Plaintiffs allege that the Consent Form violates an FCRA requirement that the disclosure be made "in a document that consists solely of the disclosure." 15 U.S.C. § 1681b(b)(2)(A)(i).

### Discussion

#### I. Legal Standards

A complaint must satisfy the pleading requirements of Federal Rule of Civil Procedure 8 to evade dismissal under a Rule 12(b)(6) motion. Landers v. Quality

Commc'ns, Inc., 771 F.3d 638, 640–41 (9th Cir. 2014). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quotation marks and alteration notations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Hartmann v. Cal. Dept. of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937

Congress enacted the Fair Credit Reporting Act to "ensure fair and accurate credit reporting ... and protect consumer privacy." Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 52, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007). As relevant here, the FCRA provides rules for obtaining consumer reports used to determine whether a person is eligible for employment. 15 U.S.C. § 1681a(d)(1)(B). The FCRA provides:

> a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
>
> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A).

## II. Analysis

### A. Plaintiffs' Allegations Regarding the Stand-Alone Requirement

■ Defendant seeks to dismiss Plaintiffs' first two causes of action. (Doc. No. 7-1.) Those causes of action are premised on violations of the FCRA. (See Doc. No. 6 at 16-18, ¶¶ 62, 70.) The FCRA provides rules for obtaining consumer reports used to determine whether a person is eligible for employment. 15 U.S.C. § 1681a(d)(1)(B). A consumer report may not be procured for employment purposes unless "a clear and conspicuous disclosure has been made in writing to the consumer." 15 U.S.C. § 1681b(b)(2)(A)(i). The disclosure is subject to a stand-alone requirement—the disclosure must be made "in a document that consists solely of the disclosure." Id. Here, Plaintiffs allege that Defendants violated the stand-alone requirement by including extraneous information with the disclosure.

The Federal Trade Commission ("FTC") has provided guidance on the purpose of the stand-alone requirement, explaining that Congress "specif[ied] a stand-alone disclosure [requirement] so that consumers will not be distracted by additional information at the time the disclosure is given." F.T.C. Staff Opinion Letter to Steer (Oct. 21, 1997), 1997 WL 33791227 at *1 ("Steer Letter").

■ Plaintiffs have sufficiently stated a claim that Defendant violated the stand-alone requirement. As the FTC has explained, the purpose of the stand-alone requirement is to prevent consumers from being distracted by additional information.

See Steer Letter at *1; F.T.C. Staff Opinion Letter to Willner (Mar. 25, 1999), 1999 WL 33932153 at *2 ("Willner Letter"). It is true that "some additional information ... may be included" in the disclosure; however, that additional information cannot "confuse the consumer or detract from the mandated disclosure." F.T.C. Staff Opinion Letter to Coffey (Feb. 11, 1998), 1998 WL 34323748, at *2 ("Coffey Letter"). Here, Plaintiffs have plausibly alleged that they may have been confused or distracted by the length of the Consent Form. Whether Plaintiffs were actually confused or distracted is better left to a motion for summary judgment, where the record will be more fully developed.

## B. Plaintiffs' Allegations of Willfulness

■ The FCRA imposes civil liability on "[a]ny person who willfully fails to comply with any requirement imposed" by the FCRA. 15 U.S.C. § 1681n(a). A person may "willfully" violate the FCRA by either knowingly or recklessly disregarding a statutory duty. Safeco, 551 U.S. at 56–57, 127 S.Ct. 2201. Defendant argues that Plaintiff cannot establish a willful violation of the FCRA. (See Doc. No. 7-1 at 14.)

Willfulness does not need to be alleged with particularity. Fed. R. Civ. P. 9(b). The FAC alleges that Defendant's purported violations were willful. In support of their willfulness allegations, Plaintiffs allege that Defendant knew or had reason to know that its conduct violated the FCRA due to its communications with its consumer report vendors. (Doc. No. 6 at 17, ¶ 65(d)). These allegations are sufficient to state a plausible claim of willfulness under either a "knowing" standard or a "recklessly disregarding" standard. See, Harris v. Home Depot U.S.A., Inc., 114 F.Supp.3d 868, 870 (N.D. Cal. 2015); Jones v. Halstead Management Co., LLC, 81 F.Supp.3d 324, 333–34 (S.D.N.Y. 2015); Rawlings v. ADS Alliance Data Systems, Inc., No. 2:15–CV–04051–NKL, 2015 WL 3866885, at *5–6 (W.D. Mo June 23, 2015); see also Reardon v. ClosetMaid Corp., No. 2:08–CV–01730, 2013 WL 6231606, at *10 (W.D. Pa. Dec. 2, 2013); Singleton v. Domino's Pizza, LLC, No. CIV.A. DKC. 11–1823, 2012 WL 245965, at *4 (D. Md. Jan. 25, 2012). Whether Defendant's conduct was actually willful is a question better left to a motion for summary judgment, where the record will be more fully developed.

## C. Article III Standing

■ Defendant challenges Plaintiffs' Article III standing to bring their first and second causes of action. (Doc. Nos. 7–1 at 17; 14 at 10-12.) Both causes of action depend on proving that Defendant provided extraneous information in the Consent Form. (See Doc. No. 6 at 16-18, ¶¶ 62, 70.) Defendant argues that "providing additional information" does not cause harm. (Doc. No. 14 at 10 n.6.) Therefore, according to Defendant, Plaintiffs have only alleged a "bare procedural violation," which is not enough to confer Article III standing. See Spokeo, Inc. v. Robins, ___ U.S. ___, 136 S.Ct. 1540, 1550, 194 L.Ed.2d 635 (2016), as revised (May 24, 2016). In this case, whether Plaintiffs had a concrete injury in fact is better left to a motion for summary judgment, where the record will be more fully developed. Thus, at this state of the proceeding, Plaintiffs' allegations are sufficient to survive a motion to dismiss.

Spokeo confirms this analysis. In Spokeo, the Supreme Court affirmed its previous holdings in Federal Election Comm'n v. Akins and Public Citizen v. Department of Justice. See Spokeo, 136 S.Ct. at 1549–50. In affirming these holdings, the Court explained that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." Id. at 1549. Atkins and Public Citizen both involved injuries stemming from violations of rights to informa-

tion created by statute. <u>Federal Election Comm'n v. Akins</u>, 524 U.S. 11, 20–25, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998) (voters' "inability to obtain information" that Congress had decided to make public is a sufficient injury in fact to satisfy Article III); <u>Public Citizen v. Department of Justice</u>, 491 U.S. 440, 449, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989) (organizations' failure to obtain information subject to disclosure under statute "constitutes a sufficiently distinct injury to provide standing to sue"). Here, Plaintiffs allege that they were deprived of information because the Consent Form did not conform to the stand-alone requirement. Thus, Plaintiffs have alleged sufficient injury to survive a motion to dismiss. However, Defendant may challenge Plaintiffs' claims in a motion for summary judgment if Plaintiffs cannot demonstrate a concrete injury in fact.

### Conclusion

Based on these allegations, the Court denies Defendant's motion to dismiss. Defendant must answer the complaint within thirty days of the date of this order.

**IT IS SO ORDERED.**