Filed 1/14/25  Pitre v. Wal-Mart Stores CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| RANDY PITRE et al., | |
| Plaintiffs and Appellants, | G062638 |
| v. | (Super. Ct. No. 30-2017-00927449) |
| WAL-MART STORES, INC., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, William D. Claster, Judge. Affirmed.

Setareh Law Group, Shaun Setareh, and Thomas Segal for Plaintiffs and Appellants.

Jones Day, Nathaniel P. Garrett, John A. Vogt, and David A. Phillips for Defendant and Respondent.

\* \* \*

In this putative class action case, plaintiffs allege that defendant Wal-Mart Stores, Inc. (Walmart) violated the Fair Credit Reporting Act (FCRA) in the course of hiring them and others similarly situated. Specifically, Walmart provided a disclosure stating that it intended to run a credit check on the interviewee, but that disclosure was not in a *stand-alone* document as required by 15 U.S.C. § 1681b. 15 U.S.C. section 1681n entitles an employee who received a deficient notice to either actual damages or damages of between $100 and $1,000. Plaintiffs admit they have no actual damages because they fully understood Walmart was going to run a credit check and would have authorized it regardless, but they claim they are entitled to statutory damages.

In 2022, the Fifth District decided *Limon v. Circle K Stores Inc.* (2022) 84 Cal.App.5th 671 (*Limon*), where the court held that plaintiffs who cannot allege an injury from a deficient notice under the FCRA do not have standing to bring a claim. After the *Limon* decision, the trial court below felt compelled to grant summary judgment in Walmart's favor. Plaintiffs appealed.

We affirm. Plaintiff's principal contention on appeal is that *Limon* was wrongly decided. However, in the recently published case of *Muha v. Experian Information Solutions, Inc.* (2024) 106 Cal.App.5th 199 (*Muha*), this panel concluded that *Limon* was correctly decided. There is no dispute that, under *Limon*, plaintiffs lack standing because they did not suffer a concrete injury. Accordingly, we affirm.

STATEMENT OF THE CASE

In June 2017, Pitre filed the underlying complaint against Walmart on behalf of himself and the class of all others similarly situated. He alleged that he was a former Walmart employee. According to the complaint,

2

when Pitre (and others) applied for employment, Walmart ran a background check that included a credit report. In seeking authorization for that credit check from the prospective employee, Walmart allegedly failed to provide a disclosure that complied with the FCRA. In particular, the FCRA requires that employers provide a stand-alone disclosure regarding the credit check without any extraneous information, which, according to Pitre, Walmart did not do—Walmart's disclosure included extraneous information. Pitre alleged the failure was willful. Pitre also alleged that Walmart failed to provide a "Summary of Rights" as required by the FRCA. Finally, Pitre alleged similar state law claims.

The following month, Walmart removed the action to federal court. The federal district court dismissed the state law claims but certified a class to pursue the federal claims. The court also granted Pitre's motion to add two additional named plaintiffs.

Walmart then filed a motion for summary judgment and to decertify the class as to the federal claims, which the district court granted in part. As to plaintiffs' allegation that Walmart failed to provide a "Summary of Rights," the court concluded that no such document was required in the context of performing a background check on potential employees. With respect to plaintiffs' allegation that Walmart failed to provide an adequate disclosure of the credit check, the federal district court concluded that plaintiffs lacked standing because there was no case or controversy under Article III of the United States Constitution, and thus the federal court lacked jurisdiction. In particular, citing *Spokeo, Inc. v. Robins* (2016) 578 U.S. 330, the court concluded Pitre had not suffered a "concrete injury" to support federal standing. (See *Spokeo,* at p. 341 ["Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [a

3

plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."].) The court relied on the fact that, during discovery, Pitre and the other named plaintiffs had admitted they understood Walmart would conduct a credit check and they did not object. Rather than grant summary judgment, however, the federal district court observed that state courts are not bound by Article III and, in October 2019, remanded the matter back to the Superior Court.

On remand, in response to a motion for summary judgment filed by Walmart, the Superior Court ruled plaintiffs had standing in Superior Court to assert a cause of action for Walmart's allegedly noncompliant disclosure regarding a credit check.

Plaintiffs then sought to certify a nationwide class of "all persons in the United States on whom [Walmart] obtained a consumer report for employment purposes," from June 20, 2012 through the date of certification. In September 2021, the court certified a class, but it was significantly narrower than what plaintiffs had sought. Specifically, the court certified the following class: "From June 20, 2015 to December 11, 2017, all persons for whom Defendants obtained a consumer report for employment purposes in California." The court determined that limiting the class to California applicants was appropriate because conducting a 50-state survey of standing laws would be burdensome, and there would be no particular benefit to California claimants in certifying a nationwide class.

In October 2022, the Fifth District Court of Appeal decided *Limon*. Two days later, Walmart filed a motion for reconsideration of the court's earlier denial of its motion for summary judgment, asserting that *Limon* marked a change in the law. The trial court agreed with Walmart,

4

concluding that *Limon* was controlling and required dismissal of plaintiffs' claims on the ground that they lacked standing because they had not suffered a concrete injury. The court entered a judgment of dismissal from which plaintiffs timely appealed.

## DISCUSSION

The question plaintiffs present in this appeal is whether they have standing to bring a claim under the FCRA for having received noncompliant disclosures regarding a credit check during their application to work at Walmart. They acknowledge that they do not have standing under the holding of *Limon*, but they contend *Limon* was wrongly decided. We disagree.

## I.

## THE FCRA

Finding that there was "a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," Congress declared that the purpose of the FCRA was "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter." (15 U.S.C.A. § 1681, subds. (a)-(b).)

One of the requirements of the chapter applies to the procurement of a credit report for employment purposes. Section 1681b, subdivision (b)(2)(A), provides, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless-- [¶] (i) a clear and conspicuous disclosure

5

has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and [¶] (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person." (Italics added.)[1] "[T]he purpose of the stand-alone requirement is to prevent consumers from being distracted by additional information." (*Feist v. Petco Animal Supplies, Inc.* (S.D. Cal. 2016) 218 F.Supp.3d 1112, 1114.)

Section 1681n, subdivision (a), provides a cause of action for a consumer whose rights are violated: "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of-- [¶] (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000 . . . ." Subdivision (a)(3) further allows a successful consumer to recover costs and reasonable attorney fees.

---

[1] A "consumer report" is defined to include "any information by a consumer reporting agency bearing on a consumer's credit worthiness . . . ." (15 U.S.C.A. § 1681a, subd. (d)(1).)

## II.

### STANDING

Plaintiffs contend they have standing to bring a claim despite that they suffered no injury from Walmart's allegedly deficient disclosure. On appeal, they recognize that *Limon* is contrary to their position, but they contend *Limon* was wrongly decided.

"''Standing" is a party's right to make a legal claim and is a threshold issue to be resolved before reaching the merits of an action.'" (*Dent v. Wolf* (2017) 15 Cal.App.5th 230, 233-234.) "[W]hen '[a] party lacks standing,' it means the party 'does not have an actual and substantial interest in, or would not be benefited or harmed by, the ultimate outcome of an action.'" (*In re Marriage of Marshall* (2018) 23 Cal.App.5th 477, 485.) "We will not address the merits of litigation when the plaintiff lacks standing, because "'California courts have no power . . . to render advisory opinions . . . .'"" (*Blumhorst v. Jewish Family Services of Los* Angeles (2005) 126 Cal.App.4th 993, 1000.)

Federal courts are subject to Article III of the United States Constitution, which limits federal court jurisdiction to "Cases" and "Controversies." This has been interpreted to impose a standing requirement that entails three elements: "First, the plaintiff must have suffered an 'injury in fact' — an invasion of a legally protected interest which is (a) concrete and particularized, [Citations]; and (b) 'actual or imminent, not "conjectural" or "hypothetical,"' [Citations]. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.' [Citation.] Third, it must be 'likely,' as opposed to merely 'speculative,' that

7

the injury will be 'redressed by a favorable decision.'" (*Lujan v. Defenders of Wildlife* (1992) 504 U.S. 555, 560-561.)

In *Limon* the court held that California courts impose a similar standing requirement—they require a plaintiff to have a beneficial interest, which is equivalent "to the injury-in-fact prong of the article III test for standing in the federal courts." (*Limon, supra,* 84 Cal.App.5th at pp. 697-698.)

*Limon* is on all fours with the present case. As here, the plaintiff alleged the defendant violated the FCRA "by failing to provide him with proper FCRA disclosures when it sought and received his authorization to obtain a consumer report about him in connection with his application for employment . . . ." (*Limon, supra,* 84 Cal.App.5th at p. 680.) As here, a federal district court found the plaintiff lacked Article III standing. (*Ibid.*) In a subsequent suit in the California Superior Court, the court sustained a demurrer without leave to amend. (*Ibid.*) On appeal, the court held that the plaintiff lacked standing because there was no concrete injury.

That holding is fatal to plaintiffs' case. During discovery, plaintiffs acknowledged that, notwithstanding the inadequate disclosure, they understood Walmart was going to run a credit check, and they authorized that credit check. The lack of a stand-alone disclosure, therefore, had no effect. Accordingly, under *Limon*, there was no concrete injury, and thus plaintiffs do not have standing to bring a claim.

Plaintiffs recognize that their claims cannot survive the holding of *Limon*, but they contend *Limon* was wrongly decided. We recently addressed this contention in *Muha, supra*. There, the plaintiffs alleged that the defendant had omitted certain disclosures required under the FCRA. However, they did not allege that the lack of disclosures caused any harm.

8

A federal district court ruled that plaintiffs lacked Article III standing and remanded to superior court. After *Limon* was decided, the superior court dismissed the action, and the plaintiffs appealed, contending *Limon* was wrongly decided.

We disagreed, concluding that *Limon* was correct in holding that in order to sue in California state court, as a general rule, subject to modification by the Legislature in any given case, a plaintiff must allege a concrete injury as that term is understood in Article III jurisprudence. Although plaintiffs invite us to reconsider whether *Limon* was correctly decided, having so recently considered that exact issue, we decline the invitation. For the reasons stated in *Muha*, *Limon* is good law, and it is fatal to plaintiffs' claims.

## DISPOSITION

The judgment is affirmed. Walmart shall recover its costs incurred on appeal.

SANCHEZ, ACTING P. J.

WE CONCUR:

MOTOIKE, J.

DELANEY, J.

9